# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | | |
|---|---|---|
| **JASON EDWARD HUTCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 2:13-cv-00033** |
| | ) | **Judge Sharp** |
| v. | ) | |
| | ) | |
| **PUTNAM COUNTY COURT SHERIFF DEPT.,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

The plaintiff, an inmate at the Putnam County Jail in Cookeville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the "Putnam County Court Sheriff Dept.," "Court City Clerk's Office," and "D.A. Putnam County," alleging that he was wrongly convicted and incarcerated and has not been receiving proper medical treatment for his liver cancer while incarcerated. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## I.  PLRA Requirement

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Habeas Corpus Allegations

The gravamen of the plaintiff's complaint is that he is being unlawfully confined at the Putnam County Jail. He alleges that the police arrested and the court convicted the wrong person; according to the plaintiff, his name is Jason Hutchison but the police booked him under two names, Jason Hutchison and Josh Hutchison, and the state court judge referred to the plaintiff only as Josh Hutchison, despite the plaintiff's protests that the police arrested the wrong person. The plaintiff asks this court to help him reveal his true identity which, according to the complaint, would result in the plaintiff's release from state custody.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct

2

appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The plaintiff's claims against all defendants concerning the validity of his continued confinement would be more appropriately brought in a petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed without prejudice for that reason, should the plaintiff wish to file those claims via the appropriate route.

### III. Section 1983 Allegations

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In a letter submitted to the court on April 22, 2013, the plaintiff alleges for the first time that he suffers from liver cancer and, while incarcerated at the Putnam County Jail, he has not been receiving the "shots" he says he needs "to put it in remission." (Docket No. 5 at p. 2). He alleges that "they" have told him that the shots are too expensive. (*Id*.) The plaintiff alleges that his death from cancer will be hastened if he does not receive the injections and/or proper medical attention.

3

(*Id.*)

The court construes the plaintiff's letter (Docket No. 5) as a motion to amend his complaint. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), *Fed. R. Civ. P*. As no responsive pleading has been filed in this case, the plaintiff may amend his complaint once as a matter of right. Rule 15(a), *Fed. R. Civ. P*.

Delays in providing medical, dental, or psychiatric care may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the plaintiff alleges that the lack of treatment or the delay of treatment for his liver cancer will cause the plaintiff's cancer to worsen and will lead ultimately to the plaintiff's death. Therefore, the plaintiff alleges that he will suffer a detrimental effect to his health as a result of the denial or delay of treatment. Further, the plaintiff alleges that the defendants responsible for denying or delaying the treatment he needs are basing their decision on the cost of the treatment rather than on the plaintiff's medical need. The court finds that these allegations state an actionable claim under § 1983 for the delay and/or denial of medical treatment for the plaintiff's liver cancer while incarcerated at the Putnam County Jail.

However, the plaintiff has not identified by name the individuals he claims are responsible for denying or delaying his medical treatment; he refers to those defendants by pronouns only. (Docket No. 5 at p. 2). The court infers that the plaintiff means whomever is in charge of medical decisions at the Putnam County Jail. Generally speaking, an inmate who brings a civil rights

4

complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the claims against him or her. In addition, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be made upon a defendant within 120 days after the filing of a complaint, which means that the plaintiff generally has that amount of time to identify any unnamed defendant.

Although courts generally do not favor use of "John Doe" or similar terms to identify a defendant, it is permissible when the defendant's identity is not known at the time the complaint is filed, but may be determined through discovery. *Berndt v. Tennessee*, 796 F.2d 879, 882–84 (6th Cir. 1986). Accordingly, the court concludes that it would be inappropriate to dismiss the claims against the "John Doe" defendants at this juncture because of the likelihood that the identities of these defendants will be determined during discovery. The plaintiff is forewarned, however, that process cannot be served upon the "John Doe" defendants until the actual individuals involved in the plaintiff's medical treatment decisions have been properly identified.

The plaintiff is put on notice of his obligation to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of the "John Doe" defendants and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify these defendants by their real names once their names are ascertained, and to effect timely service of process upon the individuals, as required by Fed. R. Civ. P. 4(m).

## IV.    Conclusion

For the reasons explained above, the court finds that the complaint states an actionable claim against the as-yet unidentified "John Doe" defendants for the denial or delay of medical treatment for the plaintiff's liver cancer brought pursuant to § 1983. 28 U.S.C. § 1915(e)(2). Those claims

5

against those defendants will, at this juncture, be permitted to proceed. Service against those defendants may only be accomplished, however, if the plaintiff succeeds in identifying the individuals involved in his medical care, or lack thereof, by name.

The plaintiff's claims challenging his confinement in state custody as to all defendants will be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge